PROB. 12B
(7/93)

ORIGINAL

# United States District Court

for the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 26 2007

at 10 o'clock and 45 min. A.M.
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  JASON CERNAL            Case Number:  CR 04-00361SOM-01

Name of Sentencing Judicial Officer:  The Honorable Susan Oki Mollway
                                       U.S. District Judge

Date of Original Sentence:  5/6/2005

Original Offense:  Count 1: Person under a Felony Indictment in Possession of a Firearm, in Violation of 18 U.S.C. § 922(n), a Class D Felony and
Count 2: Possession of a Stolen Firearm, in Violation of 18 U.S.C. § 922(j), a Class C Felony.

Original Sentence:  Twelve (12) months and one (1) day imprisonment as to each Counts 1 and 2 to run concurrently and a term of three (3) years supervised release as to each Counts 1 and 2, to run concurrently with the following Special Conditions: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant provide the Probation Office access to any requested financial information; and 3) That the defendant shall submit his person, place, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Type of Supervision:  Supervised Release     Date Supervision Commenced:  7/14/2006

Prob 12B
(7/93)

2

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

**General Condition:**   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).

**Special Condition:**   That the defendant is prohibited from possessing and consuming alcohol throughout the term of supervised release.

## CAUSE

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1. General Condition | On or about 8/25/2007, the offender engaged in conduct constituting Operating a Motor Vehicle Under the Influence of an Intoxicant (OVUII), in Violation of Hawaii Revised Statute § 291 E-61. |
| 2. General Condition | On or about 8/25/2007, the offender engaged in conduct constituting Open Liquor Container in a Motor Vehicle, in Violation of Hawaii Revised Statute § 291-0003.3. |

   On 8/27/2007, the offender reported that on or about 8/25/2007, he consumed several alcoholic beverages at Casanova's Restaurant. The offender reported that upon driving home from the restaurant, he was stopped by the Maui Police Department (MPD). The offender reported that he was subjected to a Breathalyzer test which resulted in a .2 Blood Alcohol Concentration (BAC) level. The offender reported that he was arrested for Driving Under the Influence of an Intoxicant (DUI). During the conversation, the offender was confronted about his consumption of alcohol. The offender admitted that he had several alcoholic drinks at Casanova's Restaurant and got into his car to drive home. The offender was informed that based on his admission to the DUI arrest, he violated his supervision conditions for engaging in conduct constituting DUI. In response to the violation, the offender was referred back to Aloha House Drug Treatment Center to participate in counseling with drug and alcohol testing. As to the offender's State Probation status, the offender reported that he was sanctioned with participating in ninety (90) days of AA/NA meetings. The offender was

Prob 12B
(7/93)

3

instructed to provide this officer with participation information in regards to AA/NA meetings.

Later, the offender faxed documents to this Officer reporting that on 8/25/2007, the offender was released from MPD custody after posting $1,200.00 bail bond. He is scheduled to appear in District Court of the Second Circuit in Wailuku, Maui on 10/2/2007 at 8:30 am. In addition, on 8/25/2007, the offender was issued a temporary permit to operate a vehicle for thirty days.

On 9/7/2007, we reviewed Police Report # 07-74775. According to the report, the offender was operating a vehicle when it was stopped by a Maui Police Officer. Upon making contact with the offender, the officer observed the offender's red watery eyes, red facial features, and detected an odor of liquor emanating from his breath. The offender voluntarily participated in and failed the field sobriety tests. The report also indicated that located in the center console of the vehicle was a half consumed Heineken beer, which was cold to the touch. Subsequently, the offender was placed under arrest for Operating a Motor Vehicle while Under the Influence of an Intoxicant (OVUII) and Open Liquor Container in a Motor Vehicle. Subsequently, the offender was transported to the Wailuku Police Station. Furthermore, while at the Wailuku Police Station, the offender consented to a breath test which resulted in a Blood Alcohol Concentration (BAC) level of .201. The offender was then read the addendum for Highly Intoxicated Driver and related that he understood the additional sanctions. It is noted that the offender does not have any prior OVUII arrests.

On 9/10/2007, a telephone conversation was conducted with the offender. When questioned, the offender reported that he was unaware that having an open liquor container in a motor vehicle was a criminal offense, therefore he did not report the offense to this officer. The offender was verbally admonished for not disclosing his arrest for the Open Liquor Container in a Motor Vehicle offense. The offender was read Standard Condition No. 3, which states that "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer." In this case, the offender failed to answer truthfully all inquiries of the probation officer.

To the offender's credit, he has made an effort to comply with the supervision conditions and compled substance abuse counseling without incident prior to his recent arrest. He works as a construction worker and has maintained a stable residence. On 8/30/2007, the offender underwent a substance abuse assessment at Aloha House, Inc. and it was recommended that he participate in a relapse prevention/aftercare program and undergo drug and alcohol testing. In addition, it was recommended that the offender attend a minimum of 2-3 AA/NA meetings per week and provide verification to his probation officer.

Based upon his admission to the offense, his speedy transition into a relapse prevention program, his return to AA/NA meetings, and his motivation to change his behavior, this officer is not inclined to revoke supervision at this time. However, in order to monitor the offender's alcohol consumption and possession, we are recommending that the Court modify the supervised release conditions and impose the aforementioned

Prob 12B
(7/93)

4

general condition and special condition. The proposed special conditions serve as intervention into the violation. Further, the proposed conditions are intended to facilitate random drug testing in light of *U.S. v. Stephens* and to impose an alcohol prohibition condition based on the nature of the recent conduct constituting OVUII and Open Liquor Container in a Motor Vehicle.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

JOYCE K. F. K. LUM
U.S. Probation Officer

Approved by:

GENE DeMELLO, Jr.
Supervising U.S. Probation Officer

Date: 9/18/2007

THE COURT ORDERS:

[x]  The Modification of Conditions as Noted Above
[ ]  Other

Susan Oki Mollway
U.S. District Judge

SEP 1 9 2007
Date

09/20/2007 10:30 FAX                                            → ALOHA HOUSE          ☒ 002/002

## NOTICE REGARDING MODIFICATION OF CONDITIONS

The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions. Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant. The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant. Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

_Jason Cernal_
Defendant

Print Name: Jason Cernal

Date: 9/20/07

09/04/2007 13:41 FAX                                                                  ⌀002/002

PROD 49
(5/96)

# United States District Court

## District of Hawaii

## Waiver of Hearing to Modify Conditions of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[X]   To modify the conditions of supervision as follows:

**General Condition:**   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).

**Special Condition:**   That the defendant is prohibited from possessing and consuming alcohol throughout the term of supervised release.

Witness: _____          Signed: _____
JOYCE K.F.K. LUM                                          JASON CERNAL
U.S. Probation Officer                                       Probationer

9/4/07
Date